IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT M. LAWSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1516-G |
| DAVID BERKEBILE, Warden | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Brent M. Lawson, appearing *pro se*, has filed an expedited motion for injunctive

relief. For the reasons stated herein, the motion should be denied.

I.

This is a habeas case brought under 28 U.S.C. § 2241. Although petitioner raises a number

of complaints in his voluminous pleadings, he generally accuses federal prison officials of bias,

unequal treatment, and acting arbitrarily and capriciously by denying him early release under a

Residential Drug Abuse Program ("RDAP"). Respondent has been ordered to file an answer in 60

days, at which time the case will be ripe for disposition. In the meantime, petitioner seeks an

injunction to prevent what he describes as a pattern of harassment and retaliation by the prison staff,

including moving him from building to building, placing him in administrative segregation, singling

him out for inspections and searches, and putting false information in his file.

II.

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely,

but only when the movant, by a clear showing, carries the burden of persuasion." *Harris County,*

*Texas v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999), *quoting White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The purpose of a preliminary injunction is to protect a party from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits. C. Wright & A. Miller, 11 FEDERAL PRACTICE AND PROCEDURE § 2947 (West 1973). The court must consider: (1) the likelihood of success on the merits; (2) the significance of irreparable harm if the injunction is not granted; (3) the balance between any harm to the parties; and (4) the public interest. *Carmax*, 177 F.3d at 312; *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Conclusory allegations are not sufficient to support a claim for injunctive relief. *See Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Rather, strict proof of each element is required before a preliminary injunction may issue. *See Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Services, Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 108 S.Ct. 80 (1987).

Petitioner has failed to satisfy any of these requirements. First and foremost, petitioner has failed to articulate why an injunction is necessary to preserve the court's power to render a meaningful decision in this case. The narrow issue before the court is whether petitioner is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). None of the allegations made by petitioner in his motion for injunctive relief, all of which involve the conditions of his confinement, impact his entitlement to a writ of habeas corpus. Nor has petitioner shown that he will likely prevail on the merits of his habeas claim, that he will suffer irreparable injury, that the threatened injury outweighs the harm to respondents, or that public policy demands injunctive relief. His self-serving and conclusory allegations, unsupported by any evidence, do not come close to establishing the requirements for a preliminary injunction.

## RECOMMENDATION

Petitioner's expedited motion for injunctive relief [Doc. #6] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE