UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENT M. LAWSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:07-CV-1516-G |
| DAVID BERKEBILE, WARDEN, | ) |
| | ) **ECF** |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are several motions from the petitioner, Brent M. Lawson ("the petitioner" or "Lawson"), that arise from an order of this court accepting the findings and recommendations of the United States Magistrate Judge on January 10, 2008. For the reasons set forth below, all of the petitioner's motions are denied.

### I. BACKGROUND

On January 3, 2008, United States Magistrate Judge Jeff Kaplan recommended that this court deny the petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Docket Entry # 40. The *gravamen* of the petitioner's claim was that he was improperly denied the chance to complete a transitional drug abuse treatment ("TDAT") program, in violation of the due process clause and the equal protection clause. *See generally* Findings and Recommendation of the United States

Magistrate Judge (Docket Entry # 40) ("Magistrate Findings"). This court adopted those findings, however, before the petitioner had been given a proper chance to reply to the magistrate findings, and recognizing that error this court will now consider the petitioner's objections.

II. ANALYSIS

The petitioner has numerous motions pending before this court, in part because of this court's erroneous belief that the case had gone on appeal to the Fifth Circuit. *See* Docket Entry # 46 (entitled "Notice of Appeal to the Fifth Circuit"). Admittedly, it is somewhat difficult to determine the relief sought by each of the motions, though after an examination of the record it appears that the petitioner is simply asking the court to reconsider its adoption of the magistrate findings and to consider the petitioner's objections to the magistrate findings.[1]

On January 25, 2008, the petitioner urged the court to take judicial notice of what the petitioner considers a "**critical highly relevant** definition" of the word "aftercare." *See* Motion for Judicial Notice of Critical Established Definition of

---

[1] The petitioner has filed the following motions and objections: (1) objection to order and judgment on January 22, 2008 (Docket Entry # 45); (2) motion for expedited *de novo* review on January 23, 2008 (no Docket Entry); (3) an expedited motion for reconsideration and clarification on January 30, 2008 (Docket Entry # 49; (4) additional objections to magistrate's findings and conclusions upon 28 U.S.C. §§ 2241, 2201-02 on January 30, 2007 (Docket Entry # 50); (5) motion for reconsideration and motion for *de novo* review on February 26, 2008 (Docket Entry # 54); and (6) motion for expedited request to rule on Docket Entry # 54 on March 19, 2008 (Docket Entry # 58).

Aftercare. While the court will take judicial notice of the term as the petitioner requests, nothing in the definition or the motion has any impact on the court's view of the magistrate's findings.

Turning to the plaintiff's objections, the court now makes a *de novo* review of those portions of the proposed findings and recommendation to which objections were made. None of the arguments presented in the petitioner's string of motions works to undermine the reasoning of the magistrate's findings. 18 U.S.C. § 3621(e)(2)(B) does not establish a mandatory sentence reduction upon the completion of a TDAT program,[2] and the petitioner has failed to demonstrate any right to such a mandatory sentence reduction under any statute or the Constitution.

### III. CONCLUSION

The petitioner's objections are **OVERRULED**, and the court **ACCEPTS** the findings, conclusions and recommendation of the United States Magistrate Judge.

**SO ORDERED**.

April 9, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[2] 18 U.S.C. § 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons . . ." (emphasis added).